**Affirmed and Majority and Dissenting Opinions filed November 24, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00640-CV

## TUAN ANH TRAN, Appellant

## V.

## SHERYN D. NGUYEN, Appellee

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 76429-F**

# M A J O R I T Y   O P I N I O N

Tuan Anh Tran appeals from the final decree of divorce ending his common law marriage to Sheryn D. Nguyen.  In seven issues, Tran contends that the trial court erred in (1) denying him visitation with the two children of the marriage, (2) failing to provide specific terms and conditions governing his right to possession or access, (3) denying his motion for continuance, (4) calculating his child support obligation, (5) failing to find that Nguyen committed fraud, (6) making its division

of community and separate property, and (7) entering a decree that was inconsistent with its oral rendition.  We affirm.

## *Background*

Tran and Nguyen began holding themselves out as married in October 1998. They have two children together, daughters K.N. and P.T., and Nguyen has one child from a previous relationship, daughter J.T.  At the time of trial, J.T. was seventeen years old, K.N. was fifteen, and P.T. was thirteen.  In 2012, Tran pleaded guilty to sexually assaulting J.T. when she was thirteen years old. Pursuant to a plea bargain agreement, Tran was sentenced to twelve years in prison for the offense.  Tran and Nguyen separated in 2010 after his crime was revealed. Nguyen subsequently filed a petition for divorce, and Tran filed a counter-petition.

At the beginning of trial, Tran told the court that he was not ready to proceed and requested additional time to obtain an attorney.  According to Tran, he and members of his family had contacted several attorneys but had yet to receive any responses.  The trial judge asked Tran about his efforts to obtain counsel before proceeding to trial on the merits.

Nguyen testified regarding Tran's conviction, noting that the younger children were aware of the nature of the crime.  She said that P.T. does not currently speak or write to Tran, and K.N., although initially maintaining a relationship with him after his incarceration began, recently stopped communicating with Tran.  Nguyen stated that during their separation, Tran either took most of his personal possessions from the family home or the possessions were delivered to him.  She said that he has not requested anything he has not received.  At the time of trial, Nguyen was in possession of Tran's wedding ring,

2

but she said that he could have it. She also noted that they owned three vehicles.[1] Nguyen testified that the community property home appraised for $290,000 and that they owed $188,988 on the mortgage. She explained that the parties each maintained debts solely in their own names and had no joint debt. She stated that she had been paying her debt down during their separation and had been paying the mortgage, insurance, and taxes on the house.

According to Nguyen, Tran was a banker prior to his incarceration and made an average annual salary of between $55,000 and $70,000. She further stated that if he were not in prison, Tran would be earning about $5,000 a month or $3,600 a month net after taxes. Nguyen said that she was released by her last employer when Tran sent a letter to the employer accusing Nguyen of fraud. She asked for $900 a month in child support and requested that she be awarded all of the equity in the home as a lump sum child support payment because Tran would be unable to pay any support over the next six to twelve years due to his incarceration.

During his cross-examination of Nguyen, Tran asked her whether she had impersonated him by using his email account. In response, Nguyen declined to answer, citing the Fifth Amendment. Tran additionally questioned Nguyen regarding his virtues as a father. She responded that he had a close relationship with their children prior to his offense but also that he was "doing [his] own thing a lot of the time." She said that she has talked to K.N. and P.T., the children of the marriage, about visiting him in prison but they do not want to go. She acknowledged that, prior to his incarceration, Tran exercised periods of possession with the children.

Tran testified that he had given Nguyen $18,000 in checks since their

---

[1] Nguyen stated that as of the time of trial she owed more on one vehicle than it was worth.

separation but that he currently had no 401K, no stocks, and no bonds. He estimated their home was worth about $300,000.

At the conclusion of trial, the judge granted the divorce on the grounds of Tran's felony conviction. *See* Tex. Fam. Code § 6.004. The judge further named Nguyen as K.N. and P.T.'s sole managing conservator and Tran as possessory conservator, but limited his rights to those contained in section 153.073(8) of the Texas Family Code. Tex. Fam. Code § 153.073(a)(8) (specifying certain medical rights in emergency situations). The judge stated that in light of Tran's conviction, it was not in the children's best interest that he be granted other specific rights or duties or specified access.[2] The judge entered a protective order requiring Tran to stay 500 yards from the children's residence or school or any location of the children of which he was aware.

The court acknowledged that Tran had paid Nguyen $18,000 for "general family support" but noted that this amount was about enough to cover half of the house payments Nguyen made during their separation and did not constitute payment of interim child support. The judge granted Nguyen's proposed division of property and found it necessary to award her Tran's interest in the house as lump sum child support.[3] In doing so, the judge emphasized that appellant would not be eligible for parole until any child support obligation had expired. The judge speculated that, had he not been incarcerated, Tran would have been required to pay $900 for 36 months (until K.N. came of age) and then $720 for an additional twelve months, a total of $41,040, which the trial court calculated to have a present value at the time of trial of $35,000. The court further stated that Tran's share of

---

[2] The court stated: "I do not grant any specific visitation. We'll deal with that when he gets out of prison."

[3] The court stated: "I would normally divide the property in this scenario somewhere around 65/35 and 70/30."

4

the equity interest in the home was less than $35,000. The judge additionally stated that the award to Nguyen of Tran's share of the home equity would satisfy Tran's child support obligation. The judge further awarded Nguyen the vehicles, mentioning Tran had no use for them in prison, and assigned all personal property to the one then in possession of it and all debts to the person in whose name the debt was held.

The trial judge subsequently signed a final decree of divorce generally in keeping with the earlier oral pronouncements. In regards to possession or access by Tran, the court stated in the decree "that it is in the best interest of the children to not make any ORDERS granting [Tran] possession of or access to the children due to [his] conviction for family violence." The court ordered Tran to pay child support in the amounts set forth above but further stated that the child support obligation was satisfied by the award to Nguyen of Tran's share of the community real property. The court further ordered Tran to make additional payments to Nguyen for the children's medical support of $324 a month. Lastly, the court ordered each party to pay their own attorney's fees, if any, as part of the division of the marital estate.

### *Continuance*

We begin with Tran's third issue, in which he contends that the trial court abused its discretion in denying his motion for a continuance. As described above, on the day of trial, Tran appeared, represented to the court that he was not ready, and orally requested additional time to find an attorney. He further explained to the court that he and members of his family had contacted several attorneys but had yet to receive any responses. The trial court effectively overruled Tran's request by proceeding with trial. *See* Tex. R. App. P. 33.1(a)(1)(A) (providing that a complaint is preserved for appellate review if the trial court implicitly overrules

5

the request).

We review a trial court's denial of a motion for continuance for an abuse of discretion. *See State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). A trial court abuses its discretion when it acts unreasonably or arbitrarily, or without reference to any guiding rules or principles. *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). We may not substitute our judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *Zagorski v. Zagorski*, 116 S.W.3d 309, 313-14 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

In civil cases in which the absence of counsel has been urged as a ground for continuance, courts generally require a showing that the failure to be represented at trial was not due to the party's own fault or negligence. *See State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984); *In re S.L.L.*, No. 09-09-00429-CV, 2011 WL 1224983, at *1 (Tex. App.—Beaumont Mar. 31, 2011) (mem. op.); *see also* Tex. R. Civ. P. 253 ("[A]bsence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record.").[4]

There is no indication in the record that, prior to his request for more time on the day of trial, Tran made any mention of needing more time to find an attorney or prepare for trial. Indeed, Tran had filed his own timely answer, counter-petition, and other pleadings and responses without once indicating he desired to obtain counsel or that he was having difficulty doing so. Moreover, the court twice had

---

[4] For purposes of this appeal, we will assume without deciding that Tran preserved this issue for appellate review.

6

provided Tran a "Pro Se Notice" advising him to seek legal counsel if unsure of what to do.[5]

About 74 days elapsed between the date Tran was served with the original petition and the final trial. Although this is a relatively short period of time, the trial court could reasonably find it was enough time to obtain the services of a lawyer. Likewise, the trial court could reasonably view Tran's explanation as an insufficient effort or "too little, too late."[6] *Cf. Smith v. McKinney Hous. Auth.*, No. 05-08-01466-CV, 2010 WL 3529524, at *2 (Tex. App.—Dallas Sept. 13, 2010, no pet.) (mem. op.) (holding reasonable trial judge could conclude appellant did not carry burden to show sufficient cause for continuance where appellant made only a couple of attempts to find counsel during the period between date of service of process and trial). On this record, we cannot say that the trial court acted arbitrarily or unreasonably in implicitly denying Tran's request for a continuance. *See Crank*, 666 S.W.2d at 94; *In re S.L.L.*, 2011 WL 1224983, at *1; *see also* Tex. R. Civ. P. 253. Accordingly, we overrule Tran's third issue.

### Possession and Access

In his first two issues, Tran contends that the trial court abused its discretion

---

[5] On appeal, Tran points out that he was incarcerated during the pendency of trial and it is difficult to communicate with the outside world while in prison; however, appellant did not make this argument to the trial judge.

[6] Courts generally accept uncontroverted statements in a movant's first motion for continuance as true. *Verkin v. Sw. Ctr. One, Ltd.*, 784 S.W.2d 92, 94 (Tex. App.—Houston [1st Dist.] 1989), writ denied). However, the mere fact that assertions of fact may be regarded as true does not rob the trial court of its discretion in ruling on the motion. *See Fritsch v. J.M. English Truck Line*, 151 Tex. 168, 246 S.W.2d 856, 858 (1952) ("There is nothing in the rules on continuance requiring the granting of a first motion merely because it is in statutory form and is not controverted by affidavit of the opposite party."); *O'Kane v. Coleman*, No. 14-06-00657-CV, 2008 WL 2579832, at *6-7 & n.5 (Tex. App.—Houston [14th Dist.] July 1, 2008, no pet.) (mem. op.) (citing *Fritsch* and rejecting argument that uncontroverted facts meant trial court had no discretion to deny motion).

in denying him visitation with P.T. and K.N. and in failing to provide specific terms and conditions governing his right to possession or access. "The terms of an order that denies possession of a child to a parent or imposes restrictions or limitations on a parent's right to possession of or access to a child may not exceed those that are required to protect the best interest of the child." Tex. Fam. Code § 153.193. Complete denial of access should rarely be ordered. *See In re Walters*, 39 S.W.3d 280, 286-87 (Tex. App.—Texarkana 2001, no pet.). A parent appointed possessory conservator normally should have periodic visitation privileges with his or her child and should not be denied such privileges except in extreme circumstances. *In re M.S.R.*, No. 13-05-493-CV, 2007 WL 3228072, at *4 (Tex. App.—Corpus Christi Nov. 1, 2007, pet. denied) (mem. op.); *Green v. Green*, 850 S.W.2d 809, 812 (Tex. App.—El Paso 1993, no writ). Tran contends that the evidence at trial was insufficient to support the trial court's determination that ordering specified terms of access was not in the children's best interest.

We review a trial court's determination of conservatorship issues under an abuse of discretion standard. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *Cain v. Cain*, No. 14-07-00115-CV, 2007 WL 4200638, at *3 (Tex. App.—Houston [14th Dist.] Nov. 29, 2007, no pet.) (mem. op.). A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding rules or principles. *In re J.A.J.*, 243 S.W.3d at 616. Challenges to the legal or factual sufficiency of the evidence are not separate grounds of error, but instead are relevant factors to consider in assessing whether the trial court abused its discretion. *In re R.T.K.*, 324 S.W.3d 896, 899 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). In determining whether the trial court abused its discretion because the evidence was legally or factually insufficient, we consider whether the trial court had sufficient information upon which to exercise its discretion and

8

whether it erred in its application of that discretion. *In re Marriage of McNelly*, No. 14-13-00281-CV, 2014 WL 2039855, at \*11 (Tex. App.—Houston [14th Dist.] May 15, 2014, pet. denied) (mem. op.). Traditional sufficiency review comes into play with regard to the first question, and with regard to the second question, we determine whether the trial court made a reasonable decision. *Id*. A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support its decision. *In re R.T.K.*, 324 S.W.3d at 900.

Tran focuses much of his argument on the absence of evidence demonstrating the potential harmful effects on the children of regularly visiting a prison environment and on the evidence suggesting he had a good relationship with his biological daughters prior to his conviction. But the trial court reasonably placed more weight on the fact that Tran pleaded guilty to, and was convicted of, the aggravated sexual assault of his stepdaughter, who, the parties agreed, believed she was Tran's biological daughter until around the time she was ten. *See* Tex. Fam. Code § 153.004(c) ("The court shall consider the commission of family violence or sexual abuse in determining whether to deny, restrict, or limit the possession of a child by a parent who is appointed as a possessory conservator."); *cf. In re E.A.G.*, 373 S.W.3d 129, 143-44 (Tex. App.—San Antonio 2012, pet. denied) (holding evidence father sexually assaulted step-daughter was sufficient to support termination of parental rights to biological children); *In re Marriage of Bonner*, No. 10-10-00011-CV, 2010 WL 4409704, at \*2 (Tex. App.—Waco Nov. 3, 2010, no pet.) (holding trial court did not abuse its discretion in naming husband possessory conservator of children but denying him access to the children based on conviction for sexual abuse of the children) (mem. op.); *In re Baby Boy R.*, 191 S.W.3d 916, 925 (Tex. App.—Dallas 2006, pet. denied) (holding in parental rights termination case that it was reasonable to infer from father's plea of guilty to

9

aggravated sexual assault of his stepdaughter that father engaged in conduct that will endanger or jeopardize the physical or emotional well-being of other children in the home who may discover the abuse or be abused themselves).[7] Nguyen further testified that Tran's molestation of J.T. occurred over a twelve-month period. The evidence indicating that over a prolonged period of time Tran molested a thirteen year-old girl who viewed him as a father figure was sufficient to support the trial court's decision to deny Tran regular visitation with his biological daughters of around the same age. The trial court did not abuse its discretion. Accordingly, we overrule Tran's first two issues.

### Child Support

In his fourth issue, Tran contends that the trial court erred in calculating his child support obligation. In its decree, the trial court ordered Tran to pay $900 for 36 months and then $720 for an additional twelve months, which amounts to a total of $41,040.[8] The court found that the present value of these payments, as of the time of trial, was $35,000. The court further stated that Tran's share of the equity interest in the couple's home was $35,000. The court then awarded to Nguyen

---

[7] In limiting Tran's rights as possessory conservator to emergency powers, the trial judge stated:

> I'm not granting the other powers normal, in light of the conviction, finding the conviction to be an aggravated sexual assault, a family violence type offense, and find it's not in the interest of the children that he have specific forms of contact or other rights or duties relative to the children.

[8] Although the trial court did not expressly state the basis for its calculation of child support, we note that the award generally conforms to the guidelines for an employed person who earns what Nguyen testified Tran earned on average prior to his incarceration. *See* Tex. Fam. Code §§ 154.061 (employed persons tax chart), 154.125 (guidelines for person with two children). Such application of the guidelines to the evidence is rebuttably presumed to be both reasonable and in the children's best interest. *See* Tex. Fam. Code § 154.122; *Monroy v. Monroy*, No. 03-10-00275-CV, 2011 WL 3890401, at *5 (Tex. App.—Austin Aug. 31, 2011, pet. struck) (mem. op.). However, as will be discussed below, we need not decide whether it was appropriate for the court to consider Tran's salary immediately before his incarceration as his net income, if it did, as Tran had other available financial resources.

10

Tran's share of the home equity as a lump sum payment of the child support obligation. Tran specifically contends that the trial court erred in basing the child support obligation on Nguyen's testimony regarding Tran's salary prior to his incarceration.[9] Tran urges instead that in the absence of any evidence regarding his income while in prison, the trial court should have based his child support obligation on the presumption that he made the federal minimum wage for a 40-hour workweek, which would have been less in aggregate than what the trial court awarded. *See* Tex. Fam. Code §154.068.[10]

A trial court's child support order will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles, or by failing to analyze or apply the law correctly. *Id*. The trial court does not abuse its discretion if the record contains some evidence of substantive and probative character to support its decision. *In re Marriage of Merrikh*, No. 14-14-00024-CV, 2015 WL 2438770, at *2 (Tex. App.—Houston [14th Dist.] May 19, 2015, pet. filed) (mem. op.). We view the evidence in the light most favorable to the trial court's rulings

---

[9] Tran makes several arguments in his brief concerning the difficulties he would have earning a banker's salary upon release from prison; however, these arguments were not made to the trial judge.

[10] The dissent insists that under Texas Rule of Appellate Procedure 38.1(g), we must accept as true Tran's statement that the trial court simply applied the child-support guidelines in calculating Tran's child support obligation because Nguyen did not file a brief disputing this assertion. Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references."). We disagree that the basis for a trial court's holding in a case can be established by an uncontradicted statement in a brief when not expressly stated by the trial court itself. Moreover, to be accepted as true, an uncontradicted statement must be supported by record references. *Id*.; *Lambertz v. Montz*, No. 01-11-00491-CV, 2012 WL 3042996, at *1 & n.3 (Tex. App.—Houston [1st Dist.] July 26, 2012, no pet.) (declining to accept as true unsupported statements in brief). In his brief, Tran does not offer a citation to the record for his assertion that the trial court simply applied the guidelines.

and indulge every legal presumption in favor of the judgment. *Id*.

In child support decisions, the "paramount guiding principle" of the trial court should always be the best interest of the child. *Iliff*, 339 S.W.3d at 81. A court may order child support paid by (1) periodic payments, (2) a lump-sum payment, (3) an annuity purchase, (4) the setting aside of property to be administered for the support of the children, or (5) any combination of these payment methods. Tex. Fam. Code § 154.003. The child support guidelines contained in the Family Code "are intended to guide the court in determining an equitable amount of child support." *Id*. § 154.121. The amount of a periodic child support payment as established by the guidelines is presumed reasonable, and an order conforming to the guidelines is presumed to be in the children's best interest. *Id*. § 154.122(a). However, a "court may determine that the application of the guidelines would be unjust or inappropriate under the circumstances." *Id*. § 154.122(b). Assuming without deciding that, as Tran argues, the minimum wage *presumption* of Section 154.068 should have been applied here, Section 154.123 lists seventeen factors to aid in determining whether application of the guidelines would be unjust or inappropriate in a particular case. *Id*. at 154.122(b). These factors include the needs of the children, the ability of the parents to contribute to the needs of the children, any financial resources available for support, the amount of time of possession and access given to each parent, whether either party has custody of another child, and "any other reason consistent with the best interest of the child, taking into consideration the circumstances of the parents." *Id*.

At trial, Nguyen testified that K.N. and P.T. needed support from Tran, and she requested his share of the home equity as lump sum child support because he would not otherwise be able to pay child support while in prison. Nguyen acknowledged that she was unemployed at the time of trial. She further asserted

12

that it was unfair she "should have to raise [the] children on [her] own with no financial help, no support." She also recounted a conversation in which she told Tran that it would be "more fair" for her to receive all of the equity in the home so that she could support the children for the next seven to eight years while he was in prison. Tran's only statements regarding this subject came in his examination of Nguyen in which he asked her to allow him the means (by his retaining some of the equity in the home) to help her support the children by making child support payments. Tran did not present any evidence or make any arguments in the trial court suggesting that awarding Nguyen his interest in the home equity as lump sum child support was not just and appropriate under the circumstances.

Viewing the evidence in light of the factors set forth in section 154.123, the trial court reasonably could have determined that K.N. and P.T. needed support; Tran would likely be unemployed for the duration of the children's minority years; Nguyen would have possession of the children 100 percent of the time and had custody of another child; Tran's equity interest in the house was an available financial resource; and given Tran's incarceration, it was just and appropriate not to apply the child support guidelines to the minimum wage presumption, but instead to order his equity interest in the home as a lump sum child support payment. *Cf. Monroy v. Monroy*, No. 03-10-00275-CV, 2011 WL 3890401, at *6 (Tex. App.—Austin Aug. 31, 2011, pet. denied) (mem. op.) (holding trial court did not err in determining amount of child support based on evidence presented regarding appellant's recent income and assets despite fact that appellant was in jail at the time of trial for an undetermined period of time); *Moroch v. Collins*, 174 S.W.3d 849, 867-69 (Tex. App.—Dallas 2005, pet. denied) (affirming lump sum award of child support despite evidence obligor had zero income in some years).[11]

_____

[11] When a trial court orders child support that varies from the Family Code guidelines, it

The evidence supports the trial court's determination regarding the proper amount and form of child support; therefore, the trial court did not abuse its discretion in ordering the lump sum payment. *See Iliff*, 339 S.W.3d at 78; *In re Marriage of Merrikh*, 2015 WL 2438770, at *2. Accordingly, we overrule Tran's fourth issue.

## *Fraud*

In issue five, Tran asserts that the trial court erred in failing to find that Nguyen committed fraud against him.[12] Although not entirely clear from Tran's brief, he appears to be complaining in this issue that the trial court's refusal to make fraud findings is not supported by legally or factually sufficient evidence. To successfully challenge the legal or factual sufficiency of the evidence on an issue on which he had the burden of proof, Tran must show respectively that the evidence conclusively established the opposite of the court's finding or that the

---

must make the findings required by Family Code section 154.130. Tex. Fam. Code § 154.130. Tran, however, does not complain on appeal regarding the lack of such findings, and we will not reverse a case on unassigned error. *See Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam); *Bartlett v. Bartlett*, 465 S.W.3d 745, 755 n.2 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Bishop v. Miller*, 412 S.W.3d 758, 773 n.17 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

We note that in the lead case cited by the dissent on this issue, *Butts v. Butts*, 444 S.W.3d 147 (Tex. App.—Houston [14th Dist.] 2014, no pet.), appellant complained that "the trial court made no [154.130] findings." *Id.* at 153. In *Omodele v. Adams*, No. 14-01-00999-CV, 2003 WL 133602, at *4–5 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.), also cited by the dissent, the obligor argued on appeal that his child support "award lacks evidentiary support and does not conform to the statutory guidelines." Tran argues that the minimum wage presumption should have been used to calculate his child support obligation, but does not argue that the court abused its discretion in awarding above-guidelines support. In the third case cited by the dissent, *In re A.M.P.*, 368 S.W.3d 842 (Tex. App.—Houston [14th Dist.] 2012, no pet.), it is unclear from the record whether the issue was raised either at trial or on appeal. None of these cases convinces us to overturn long-standing guidance not to reverse a trial court's judgment on unassigned error. *See Pat Baker Co.*, 971 S.W.2d at 450; *Bartlett*, 465 S.W.3d at 755 n.2; *Bishop*, 412 S.W.3d at 773 n.17.

[12] For purposes of this appeal, we will assume without deciding that Tran preserved this issue for appellate review.

court's finding was so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Bhatia v. Woodlands N. Houston Heart Ctr., PLLC*, 396 S.W.3d 658, 665 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

Tran specifically contends that the evidence at trial established that Nguyen "knowingly made [a] false material misrepresentation with the intention that it should be acted on by the other party [which, relying] on the misrepresentation[,] suffered injury." *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992) (identifying elements of common law fraud).[13] Tran alleges in his brief that Nguyen had access to his email account and used that access to falsify emails so that it appeared that two different people were communicating with each other [Tran and Nguyen] when in reality it was just Nguyen writing the emails. However, when Tran questioned Nguyen at trial regarding this activity, she declined to answer his questions, citing the Fifth Amendment. Tran does not cite to any other place in the record in support of this allegation, and our review of the record has not revealed any evidence supporting this allegation.

Tran next alleges that Nguyen admitted to receiving and signing stolen commission checks that were payable to him for a real estate transaction. Although not entirely clear, it appears that Tran accuses Nguyen of having forged his signature in order to endorse the checks over to her. Although Nguyen acknowledged at trial that her signature was indeed on the checks, Tran does not cite to any evidence in the record, and we have not found any, establishing that Nguyen forged Tran's signature on the checks.

---

[13] In his counter-petition, Tran requested an equal division of the community property based, in part, on an allegation that Nguyen was "under investigation for violating S[t]ate and Federal criminal law by acts of embezzlement, grand theft, forgery, bank fraud and identity theft in the absence of [Tran]."

Additionally, Tran contends Nguyen transferred title of one of their vehicles into her name without his approval or consent. Nguyen testified, however, that the vehicle might still be in Tran's name. The record contains no evidence establishing fraud related to the title of the vehicle.

Tran next alleges Nguyen transferred $82,000 in community debt from credit cards that were in her name to credit cards that were in his name. But Tran does not cite to any evidence that this was done. Nguyen testified that she had been paying down her credit card debt since the separation, but she did not say that she did so by transferring balances to credit accounts in Tran's name.

Tran further suggests Nguyen improperly withdrew funds from her 401K plan, of which he contends he was the primary beneficiary. Tran does not, however, explain how this withdrawal, assuming it occurred, constituted fraud. Lastly, Tran alleges Nguyen "disposed of" a substantial amount of community property after filing for divorce. Tran, however, neither explains how this alleged conduct constituted fraud nor cites to any evidence in the reporter's record establishing that it actually occurred.

Based on the foregoing analysis, Tran has not demonstrated that the evidence conclusively established Nguyen committed fraud or the trial court's failure to make a fraud finding was against the great weight and preponderance of the evidence. *See Francis*, 46 S.W.3d at 241; *Bhatia*, 396 S.W.3d at 665. Consequently, we overrule Tran's fifth issue.

### *Property Division*

In his sixth issue, Tran argues that the trial court erred in making its community property division because the division was "so disproportionate as to be clearly inequitable." In a divorce proceeding, a trial court must divide

community property in a "just and right" manner. Tex. Fam. Code § 7.001; *Aduli v. Aduli*, 368 S.W.3d 805, 819 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A trial court possesses wide discretion in determining a just and right division. *Aduli*, 368 S.W.3d at 819. In a divorce granted on a fault basis, such as here, the trial court may consider the fault of one spouse in breaking up the marriage when making a property division. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). The property division need not be equal, and we presume the trial court properly exercised its discretion in determining the value and division of marital property. *Aduli,* 368 S.W.3d at 819. We will overturn a property division only if it is manifestly unjust and unfair. *Id*.; *Stavinoha v. Stavinoha*, 126 S.W.3d 604, 607 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Legal and factual sufficiency are relevant factors, rather than independent bases for reversal, in determining whether the trial court abused its discretion. *Aduli*, 368 S.W.3d at 819; *London v. London*, 94 S.W.3d 139, 143–44 (Tex. App.—Houston [14th Dist.] 2002, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative nature to support the decision. *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Tran's complaint under this issue is based on a computation that the trial court awarded Nguyen 99.6% of the community property because it awarded her everything except his wedding ring, which was valued at $500 or .4% of the marital estate, according to Tran. This is not what the trial court ordered. The trial court awarded each party the personal belongings and home furnishings already in his or her possession at the time of trial. Uncontroverted evidence established that Tran had received a significant amount of personal possessions from the family home prior to trial. More importantly, the trial court awarded $35,000, or around 35 percent, of the home equity to Tran. This was by far their most valuable asset.

17

Although the trial court also awarded Tran's equity interest in the property to Nguyen, this was not as part of the property division, but was a lump sum payment to satisfy his child support obligation. Therefore, the computation underlying Tran's complaint in this issue is incorrect.

Tran additionally argues that the trial court erred in awarding Nguyen all three community property vehicles. Tran initially alleges that the trial judge contradicted himself by first rejecting Nguyen's attorney's suggestion that the vehicles should be awarded for the children to use when they came of driving age—saying "[t]hat's what child support is for, and that's why she got all the interest in the house"—but then awarding Nguyen the vehicles anyway. This is not actually a contradiction. The judge awarded the vehicles to Nguyen as part of the property division, not for or to the children as Nguyen's attorney suggested. Tran further argues the trial court's statement in awarding the vehicles—to the effect that Tran had no use for them anyway as he was incarcerated—was not a proper basis for the award. We conclude this statement does not overcome the presumption that the trial judge awarded the vehicles to Nguyen as part of the overall just and right division of the community property. *See Aduli*, 368 S.W.3d at 819.

In dividing the community property, the trial judge was permitted to consider several factors, including financial condition, future needs for support, custody of any children, fault in the breakup of the marriage, and attorney's fees. *See, e.g., Bello v. Bello*, No. 01-11-00594-CV, 2013 WL 4507876, at *4 (Tex. App.—Houston [1st Dist.] Aug. 22, 2013, no pet.) (mem. op.). Tran had the burden of demonstrating based on evidence in the record that this division was so unjust and unfair as to constitute an abuse of discretion. *In re Marriage of O'Brien*, 436 S.W.3d 78, 82 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

18

Tran has not met his burden. Accordingly, we overrule his sixth issue.[14]

### *Consistency with Oral Rendition*

Lastly, in issue seven, Tran alleges the trial court erred by signing a decree inconsistent with its oral rendition. Tran specifically raises five alleged discrepancies in the final decree, including: (1) a statement that Tran waived a jury trial when Tran contends he was never given that option, (2) the grant to Nguyen of the exclusive right to apply for passports for the children, (3) the alleged failure to state that Tran's child support obligation was discharged by the lump sum award of his share of the equity in the house, (4) the order requiring Tran to pay medical support for the children, and (5) the statement that Tran's support obligations shall be obligations of his estate should he die before they terminate.[15]

The only authority Tran cites in support of issue seven stands for the proposition that a nunc pro tunc judgment can be used to correct clerical errors in a judgment after the court's plenary power has expired. *See Jenkins v. Jenkins*, 16 S.W.3d 473, 482 (Tex. App.—El Paso 2000, no pet.). It is not clear what point

---

[14] In issue six, Tran additionally contended the trial court erred in not considering Nguyen's fraud in dividing the community property. We reject Tran's fraud argument here for the same reasons addressed above under issue five.

[15] None of these asserted discrepancies in the final decree is directly contradicted by anything the judge said at the conclusion of the trial; they are instead additions to what the judge said or new issues not specifically addressed in the judge's statements. The statement in the judgment that Tran waived a jury trial is accurate because the right to a jury trial is waived when not timely requested and there is no indication in the record that Tran ever requested a jury trial. *See* Tex. R. Civ. P. 216(a); *Thomas v. Radioshack Corp.*, No. 01-08-00400-CV, 2010 WL 724513, at *1 (Tex. App.—Houston [1st Dist.] Mar. 4, 2010, no pet.) (mem. op.). Tran's allegation that the judgment did not reflect that his child support obligation was discharged by the lump sum award is incorrect. In the judgment, the court noted that the present value of child support was $35,000, valued Tran's interest in the home at $35,000, and awarded that interest to Nguyen "to satisfy the child support obligation."

Tran was attempting to make with this citation. Regardless, he provides no analysis regarding whether the trial court had authority to include in the judgment the orders of which he complains, whether those changes were clerical or judicial in nature, or even whether the trial court's statements at trial constituted a rendition of judgment. He further offers no authority suggesting the trial court erred in including the additional orders in the written final decree.

Pro se appellants are held to the same standards as licensed attorneys and must comply with applicable laws and procedures. *Lilly v. Texas Dep't of Criminal Justice*, No. 14-14-00343-CV, 2015 WL 4718836, at *4 n.5 (Tex. App.—Houston [14th Dist.] Aug. 4, 2015, no pet. h.); *Goad v. Hancock Bank*, No. 14-13-00861-CV, 2015 WL 1640530, at *2 (Tex. App.—Houston [14th Dist.] Apr. 9, 2015, no pet.) (mem. op.). An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *see also In re S.A.H.*, 420 S.W.3d 911, 929 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (declining to craft appellant's argument for him). Because Tran does not present proper argument or citation to relevant authority, we overrule his seventh issue.

Having overruled each of Tran's issues, we affirm the trial court's judgment.


Martha Hill Jamison
Justice



Panel consists of Chief Justice Frost and Justices Jamison and Busby (Frost, C.J., dissenting).