

# NUMBER 13-17-00249-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ELSIE O. JONES,                                                         Appellant,

v.

VISHAL HOTELS, LP D/B/A
SPRINGHILL SUITES,                                                   Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides**
**Memorandum Opinion by Justice Rodriguez**

By 128 issues, pro se appellant Elsie O. Jones appeals the summary judgment disposing of her claims against appellee Vishal Hotels, LP d/b/a Springhill Suites ("Vishal"). We affirm.

## I.    BACKGROUND

On June 7, 2016, Jones filed her original pro se petition.   In the petition, she describes being injured at Vishal's hotel when the shower seat in her hotel room collapsed under her.   Jones sued Vishal for negligence, negligence per se, premises liability, and products liability.

Vishal filed a hybrid traditional and no-evidence motion for summary judgment. Jones did not file a response.   The trial court granted the motion and rendered a final judgment disposing of Jones's claims.   Jones appeals.

## II.    DISCUSSION

Jones raises 128 issues.   Her first issue is clear:   "Error/Issue: The Trial Court erred In Granting The Motion for Summary Judgment.   Page 41 Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 Tex. 1970."

However, many of Jones's issues are less clear.   A majority of her issues appear to be general recitations of the summary judgment standard of review or other authority, without further argument or explanation.   For example, issue sixteen reads:   "The trial court's error in determination on whether there has been as [sic] adequate time for discovery is reviewed under as [sic] abuse of discretion standard because that determination encompasses a balancing and weighing of factors that is best left in the discretion of the trial court."   Jones does not protest that she received inadequate time for discovery.   Eighty-one of Jones's issues consist of similar quotations of authority, without explanation.[1]

---

[1] Specifically, these issues are eleven, seventeen, twenty-one, twenty-two, twenty-four, thirty, thirty-one, thirty-four, forty-one, forty-nine through fifty-four, fifty-nine through sixty-four, sixty-six through

2

Other issues appear to be legal advice on how to pursue an appeal. For example, issue one-hundred three advises: "A party should request that the report's record [sic] be prepared and sent to the court of appeals if the trial court made oral rulings on objections to the summary judgment evidence that are in the party's favor. Page 33-34 top Daubert/Robinson Hearing." Similar advice is presented in issues twenty-three, forty, sixty-five, ninety-three, one hundred, and one hundred twenty-five.

Some of Jones's issues do not relate to the facts of this case. For instance, in her second issue, Jones contends: "The Trial Court erred In Granting The Motion for Summary Judgment and Denying the Plaintiff's Motion for Summary Judgment." But Jones did not move for summary judgment, so the trial court could not have erred in denying a motion for summary judgment that was never filed. Likewise, in her eighteenth issue, Jones protests: "The trial court erred in striking expert evidence. . . ." However, neither party offered expert evidence, and the trial court did not strike any evidence that was offered.

Still other issues are simply citations without any clarification. Issue fifty-five reads in its entirety: "Daubert/Robinson Hearing Collateral issue reporter's records. Page 34." Issue seventy-seven provides: "Error/Issue: Can A Party File a No-Evidence Motion for Summary Judgment Based Upon an Inferential Rebuttal Defense? Page 1353 BAYLOR L. REV. 762, 767-68 (2001)."

In her brief, Jones copied many legal quotations and large swathes of the record, without any context or explanation. In particular, she excerpted much of the reporter's

---

seventy-six, seventy-eight through ninety-two, ninety-four through ninety-nine, one hundred one though one hundred twenty-four, and one hundred twenty-six through one-hundred twenty-eight.

record from the hearing on the motion for summary judgment. She has also excerpted portions of Vishal's special exceptions, in which Vishal complains that Jones's petition is unclear and incomplete.

Pro se appellants are held to the same standards as licensed attorneys. *Tran v. Nguyen*, 480 S.W.3d 119, 132–33 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties— might encourage litigants to discard their valuable right to the advice and assistance of counsel. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam). As such, pro se litigants are not exempt from the rules of procedure. *Id.*

Under our rules of appellate procedure, an appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). We may not craft Jones's argument for her. *See In re S.A.H.*, 420 S.W.3d 911, 929 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Jones has not developed any of her 128 issues beyond stating general propositions and citing cases without explanation. *See id.* Because Jones does not present proper argument, we hold that her 128 issues are inadequately briefed. Her issues are overruled.

### III.    CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 6th
day of December, 2018.

4