**Affirmed and Majority and Concurring Opinions filed October 26, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00531-CV

---

## JON VAN NGUYEN, Appellant

### v.

## ALABAMA THAO PHAM, Appellee

---

**On Appeal from the 507th District Court
Harris County, Texas
Trial Court Cause No. 2016-64020**

---

## M A J O R I T Y   O P I N I O N

Jon Van Nguyen appeals the trial court's final decree dissolving his marriage to Alabama Thao Pham. Nguyen raises ten issues in this appeal, challenging the trial court's determination and division of the community estate and adoption of an alleged agreement between the parties as to child conservatorship, support, and access, among other concerns. We affirm.

## *Background*

This case was tried to the bench. The court considered issues related to the one child of the marriage on March 21, 2018 and the property issues on March 14, 2019. In its final decree, the court granted the divorce on the grounds of insupportability and Nguyen's cruelty.

The court named Pham the child's sole managing conservator with the right to designate the primary residence with a geographic restriction to the State of Texas. The court neither named Nguyen a conservator of the child nor granted him any rights of possession or access. Child support was to be paid directly from Nguyen's social security disability benefits. Pham was required to maintain health and dental insurance for the child, and each party was 50 percent responsible for uninsured healthcare expenses.

In making a just and right division of the marital estate, the trial court awarded Pham the real property located at 9347 Carmalee Street; the personal effects in her possession or control; cash and accounts in her possession, control, and sole name; a 2003 Acura; and a cash payment from Nguyen of $52,000, among other things. To Nguyen, the court awarded the real property at 9335 Carmalee Street; the personal effects in his possession or control; cash and accounts in his possession, control, and sole name; a 2001 Toyota; and a 2008 Toyota, among other things. The court charged each party with paying the liabilities they personally incurred since August 13, 2016, as well as any taxes pertaining to property they were awarded. The court also charged Nguyen with paying any debt associated with 9347 Carmalee Street, which was awarded to Pham.

The trial court held that Nguyen committed fraud on the community when he transferred ownership of 9347 Carmalee to his son from a former marriage, and

2

the court considered that fraud in its division of the community property. The court also ordered Nguyen to pay $10,000 of Pham's attorney's fees. Lastly, the court ordered that all relief requested in this case and not expressly granted in the decree was denied.

In its findings of fact, the trial court determined that Pham and Nguyen were informally married on or about January 1, 2009. The court also found that on March 21, 2018, Pham and Nguyen entered a stipulated agreement which addressed the issues related to child custody. Under the agreement, Pham was to be named sole managing conservator with a geographical restriction to Texas and Nguyen was not to be named a conservator or have any access to the child.

As considerations influencing the division of property, the court listed the fault in the failure of the marriage, the conservatorship of the child, the nature of the property, and actual and constructive fraud. The court stated that during the marriage, Nguyen transferred funds from joint accounts on three occasions in the amounts of $50,025, 40,275, and 44,335.94 but failed to overcome the presumption that these funds were community property. The court also found that Nguyen failed to prove his reimbursement claim related to payments for Pham's education during the marriage. Lastly, the court found that Pham incurred $17,000 in attorney's fees and that Nguyen had incurred $26,897 in attorney's fees.

In its conclusions of law, the trial court held that both properties on Carmalee were community property, as were the funds Nguyen had transferred during the marriage. The court also concluded that Pham's attorney's fees were reasonable and necessary.

### Discussion

In ten issues, Nguyen contends that the trial court erred in (1) failing to file

3

findings of fact and conclusions of law[1]; (2) not making a finding on the date of the marriage; (3) holding that the real property located at 9335 Carmalee Street was community property; (4) ordering Nguyen to make a cash payment of $52,000 to Pham; (5) not making a finding on Nguyen's reimbursement claim regarding payment for Pham's education during the marriage; (6) awarding 9347 Carmalee Street to Pham due to fraudulent transfer; (7) not making a finding regarding Nguyen's claim that Pham fraudulently opened and made charges on two credit cards; (8) ordering Nguyen to pay $10,000 of Pham's attorney's fees; (9) ordering an arbitrary or unreasonable division of community property; and (10) adopting an alleged agreement as to issues concerning the child.

## I. Findings of Fact

Nguyen's first, second, fifth, and seventh issues complain that the trial court failed to enter findings of fact. Although this was correct when Nguyen filed his initial briefing in this case, the trial court subsequently filed findings of fact and conclusions of law on November 8, 2019.

When a party makes a proper and timely request for findings of fact and conclusions of law and the trial court fails to comply, harm is presumed unless the record affirmatively shows that the complaining party suffered no injury. *See* Tex. R. Civ. P. 296; *Watts v. Oliver*, 396 S.W.3d 124, 130 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In assessing whether the requesting party was harmed, courts consider if the failure to file findings prevented the party from properly presenting the case on appeal. *Slater v. Slater*, No. 14-13-00693-CV, 2014 WL 6677603, at *3 (Tex. App.—Houston [14th Dist.] Nov. 25, 2014, no pet.) (mem. op.). If a party is harmed by the trial court's failure to make requested findings, the proper remedy is

---

[1] As will be discussed below, the trial court filed its findings of fact and conclusions of law after Nguyen filed his initial brief. Nguyen subsequently filed a reply brief.

to abate the appeal and direct the trial court to file the findings of fact and conclusions of law pursuant to Texas Rule of Appellate Procedure 44.4(b). *E.g.*, *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 298 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Here, the trial court ultimately filed findings of fact and conclusions of law without the necessity of an abatement. Although, as mentioned, the findings were filed after Nguyen filed his initial briefing, he subsequently filed a reply brief and thus had an opportunity to address the findings, and we will consider those arguments in this opinion to the extent he has made them.

Nguyen argues, however, that we should disregard the late-filed findings and reverse and remand this case for a new trial due to the trial court's failure to timely file findings. Nguyen cites *Stefek v. Helvey*, 601 S.W.2d 168, 170–71 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.), in which the court disregarded findings and conclusions filed 80 days late, deeming it a gross violation of the filing dates. Nguyen cites no support for his assertion that the delay requires reversal and remand. *Stefek* is distinguishable in part because in that case, the appellant had not met the deadlines for requesting findings, which does not appear to be the case here. *See id.*; *see also Robles v. Robles*, 965 S.W.2d 605, 610 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (distinguishing *Stefek* on this basis). In the absence of findings, the *Stefek* court explained that it would affirm the trial court's judgment on any legal theory that was supported by the evidence, and indeed the court did just that. 601 S.W.2d at 171.

As stated, when a party is harmed by the trial court's failure to make requested findings, the proper remedy is to abate the appeal and direct the trial court to file the findings. *See Busch*, 312 S.W.3d at 298. Here, the appropriate remedy has already occurred: the trial court filed the past due findings.

5

Accordingly, we overrule Nguyen's first, second, fifth, and seventh issues, which were expressly based on the trial court's failure to make findings.[2]

## II. 9335 Carmalee Street

In his third issue, Nguyen contends that the trial court erred in holding that the real property located at 9335 Carmalee Street was community property. Specifically, Nguyen challenges the legal and factual sufficiency of the evidence to support the finding.

## A. Governing Law

Community property consists of the property, other than separate property, acquired by either spouse during marriage. *See* Tex. Fam. Code § 3.002; *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001); *Stavinoha v. Stavinoha*, 126 S.W.3d 604, 607 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The Family Code defines separate property as property owned by a spouse before marriage or acquired during the marriage by gift, devise, descent, or as a recovery for personal injuries sustained during the marriage. *See* Tex. Fam. Code § 3.001. Property possessed by either spouse on dissolution of the marriage is presumed to be community property, and to overcome this presumption, a party must establish by clear and convincing evidence that the disputed property is separate property. Tex. Fam. Code § 3.003; *Zagorski v. Zagorski*, 116 S.W.3d 309, 314 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see also* Tex. Const. art. XVI, § 15;

---

[2] To the extent Nguyen intended in his fifth and seventh issues to argue that the trial court failed to find, respectively, that Nguyen was entitled to a reimbursement for the payment of Pham's educational expenses during the marriage and that Pham fraudulently opened and made charges on two credit cards, these assertions are inadequately briefed. Nguyen does not cite any relevant authority on these issues or provide any analysis supporting such assertions. *See* Tex. R. App. P. 38.1(i) (requiring that appellate briefs "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also In re S.A.H.*, 420 S.W.3d 911, 929 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (declining to craft appellant's argument for him).

6

*Stavinoha*, 126 S.W.3d at 607 ("'Clear and convincing' evidence means the measure or degree of proof that will produce in the mind of the trier of fact a firm conviction or belief as to the truth of the allegations sought to be established."). The spouse claiming the separate nature of property must trace and clearly identify the property claimed to be separate. *Barras v. Barras*, 396 S.W.3d 154, 163–64 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Such tracing requires establishing the separate origin of the property through evidence showing the time and means by which the spouse obtained possession of the property. *Graves v. Tomlinson*, 329 S.W.3d 128, 139 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). As a general rule, the clear and convincing standard is not satisfied by testimony that property possessed at the time the marriage is dissolved is separate property when such testimony is contradicted or unsupported by documentary evidence tracing the asserted separate nature of the property. *Id*. Any doubt as to the character of property should be resolved in favor of the community estate. *Id*.

When examining a legal-sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id*. at 827. Because Nguyen challenges the legal sufficiency of an adverse finding on an issue on which he had the burden of proof, he is entitled to reversal if the evidence establishes, as a matter of law, all vital facts in support of the issue. *Burns v. Burns*, 434 S.W.3d 223, 227 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989)).

In a factual-sufficiency challenge, we consider and weigh all the evidence, both supporting and contradicting the finding. *Mar. Overseas Corp. v. Ellis*, 971

S.W.2d 402, 406–07 (Tex. 1998). We will set aside a finding for factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id*. at 407.

## B. Analysis

In his briefing, Nguyen asserts that 9335 Carmalee is his separate property because it was awarded to him in his prior divorce. Nguyen, however, does not cite to any evidence directly supporting this assertion, such as the divorce decree from the prior proceeding or even his own testimony. To the contrary, in his testimony, Nguyen acknowledged that 9335 Carmalee was not mentioned in the prior decree; he first suggested that he and his wife were ordered to "split" the property but then said that they had orally agreed to split the property at the time of the divorce. He further said that the property was also in the name of his son from a prior marriage, Davisson Nguyen, at the time of the prior divorce.

In her testimony, Pham explained that Nguyen was living at 9335 Carmalee when she began dating him in 2008, but he transferred the property to Davisson prior to divorcing his prior wife in December 2008. According to Pham, Davisson then transferred the property back to Nguyen after Pham and Nguyen were informally married.[3] This testimony supports the conclusion that 9335 Carmalee was community property because it was acquired and possessed by Nguyen during the marriage.

Although he provides no analysis of them, Nguyen does cite a series of deeds that were admitted as exhibits at trial. These deeds, however, raise more questions than they provide answers. The first deed purports to convey interest in the property from Davisson to Nguyen. Davisson's signature is dated February 24,

---

[3] Although it is not entirely clear, Nguyen appeared to admit in his testimony to transferring 9335 Carmalee to Davisson so that his first wife would not have any rights to it.

8

2008, and Nguyen's signature is dated February 10, 2008, but the deed was not file stamped until around 16 months later on June 16, 2009. This deed contains a notary stamp and notary's signature to acknowledge a signature by Nguyen's ex-wife, but no such signature from the ex-wife appears on the deed, nor was there any reason for such signature. The second deed purports to convey interest from Nguyen's ex-wife to Nguyen. Both of their signatures on this deed are dated December 12, 2008. The deed states that the intent is for Nguyen and Davisson to own the property "together," although the prior deed in which Davisson conveyed his interest to Nguyen was signed before this one. Two of the notary signatures on this deed do not appear to match the same notary's signature on the first deed. This deed contains a file stamp of January 1, 2009, which was five and a half months before the first deed was filed. The third deed Nguyen cites purports to transfer Pham's interest in 9347 Carmalee to Nguyen. The signatures are dated October 21, 2014, but Pham denied signing the deed or ever conveying the property to Nguyen.

Although Nguyen does not expressly argue on appeal that these deeds constituted clear and convincing evidence that 9335 Carmalee was his separate property, we note that the deeds do not clearly trace and establish the property as Nguyen's separate property. *See Barras*, 396 S.W.3d at 163–64; *Graves*, 329 S.W.3d at 139. The trial court's finding that this property was community property is supported by legally and factually sufficient evidence. We overrule Nguyen's third issue.

### III. The Cash Payment

In issue four, Nguyen contends the trial court erred in ordering him to make a cash payment of $52,000 to Pham. The court made this order as part of its division of the marital estate. Nguyen asserts that the evidence is legally and factually insufficient to support the order because the evidence establishes that the

money was Nguyen's separate property. Apart from citations, however, Nguyen does not offer any argument or analysis supporting his assertion.

Both parties treat this order as tied to the court's findings that Nguyen transferred funds from one account to another on three occasions in the amounts of $50,025, 40,275, and 44,335.94 but failed to overcome the presumption that these funds were community property.[4] Nguyen appears to assert on appeal that he did overcome the presumption. As set forth above, the spouse claiming property is his separate property must trace and clearly identify the property. *See Barras*, 396 S.W.3d at 163–64; *Graves*, 329 S.W.3d at 139.

Pham testified that the couple had bank accounts that they used throughout the marriage but after she left the marital home, Nguyen made several transfers from those accounts to accounts that Pham could not access. She stated that the total amount he transferred was about $135,000. Pham also offered into evidence a bank statement showing one transfer from the couple's checking account of $50,025.11, and she offered a demonstrative chart showing all the alleged transfers. She said that Nguyen has not provided her with any information regarding where the money went. On cross-examination, Pham stated that in 2010 and 2011, the couple's money came from Social Security Disability Insurance payments Nguyen received, Pham's employment, and leftover money from a Pell Grant that she had received. In his testimony, Nguyen acknowledged that he made transfers out of the joint accounts, said that it was money he had saved for his son's education, although he did not specify which son, and said that it was his family's money but did not specify whether he meant his family with Pham. Nguyen said that he does not know how much money he had in the bank at the time of trial.

---

[4] We discuss the community presumption and the standards for legal and factual sufficiency review in section II.A. above.

10

Nguyen does not cite to evidence establishing and tracing these transferred funds as separate property; therefore, he has not overcome the presumption that the funds were community property. *See Barras*, 396 S.W.3d at 163–64; *Graves*, 329 S.W.3d at 139. Accordingly, we overrule his fourth issue.

## IV. The Fraudulent Transfer of 9347 Carmalee

In his sixth issue, Nguyen asserts the court erred in awarding the property at 9347 Carmalee Street to Pham based on a finding of fraudulent transfer. Nguyen challenges the legal and factual sufficiency of the evidence to support that award and asserts that Pham's notarized signature on a deed conveying the property to Davisson, Nguyen's son, should prevail over Pham's testimony that she did not sign or know about the deed.

We begin by noting that Nguyen appears to misconstrue the trial court's rulings on this issue. The trial court did not directly award 9347 Carmalee to Pham due to fraudulent transfer. The court awarded 9347 Carmalee to Pham—and 9335 Carmalee to Nguyen—as part of the just and right division of the marital estate. The trial court did, however, take the fraud into consideration, among other factors, in determining the just and right property division. We will therefore construe Nguyen's sixth issue as challenging whether the trial court properly did so in this case. *See generally Chu v. Hong*, 249 S.W.3d 441, 444–45 (Tex. 2008) ("[W]aste, fraudulent transfer, or other damage to community property are claims belonging to the community itself, so they must be included in the trial court's just-and-right division of community property upon divorce."). Trial courts have wide discretion in making a just and right division. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998). Legal and factual sufficiency are relevant factors, rather than independent bases for reversal, in determining whether the trial court abused its discretion. *Tran v. Nguyen*, 480 S.W.3d 119, 131 (Tex. App.—Houston [14th

11

Dist.] 2015, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative nature to support the decision. *Id.*

Nguyen's argument boils down to his assertion that Pham's purported notarized signature on the deed conveying the property to Davisson should outweigh Pham's testimony that she did not sign the deed or even know about it. Nguyen cites cases out of the Dallas Court of Appeals in which the court explained that "a certificate of acknowledgment is prima facie evidence that the grantor appeared before the notary and executed the deed in question for the purposes and consideration therein expressed [and] '[c]lear and unmistakable proof that either the grantor did not appear before the notary or that the notary practiced some fraud or imposition upon the grantor is necessary to overcome the validity of a certificate of acknowledgment.'" *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no pet.) (quoting *Bell v. Sharif–Munir–Davidson Dev. Corp.*, 738 S.W.2d 326, 330 (Tex. App.—Dallas 1987, writ denied)).

In this case, there is significantly more evidence than just Pham's testimony indicating she did not sign the deed. The deed in question purported to transfer 9347 Carmalee to Davisson for $10. Pham's purported signature on the deed is basically just a scribble and clearly does not match her signature on several other documents in evidence that she acknowledged signing, including her driver's license and affidavits. Although a handwriting expert may have been helpful in analyzing the signatures, the trial court could certainly take notice of such an obvious difference. *See*, *e.g.*, *Berry v. Espinoza*, No. 14-18-01060-CV, 2020 WL 742477, at *1 (Tex. App.—Houston [14th Dist.] Feb. 13, 2020, no pet.) (mem. op.) ("[E]xpert proof is not necessary in civil cases to establish a forgery."); *see also Morris*, 334 S.W.3d. at 848 (noting in assessing sufficiency of the evidence regarding genuineness of signatures, that trial judge examined the documents at

12

issue and stated on the record that one signature appeared to be genuine and one appeared to have been forged).[5]

Additionally, the trial judge could have reasonably interpreted Nguyen's testimony as an admission that he had previously transferred 9335 Carmalee to Davisson so that his prior wife would not have any rights to it in a very similar scheme as to what is alleged regarding 9347 Carmalee and Pham. We also note that Pham's counsel represented to the court that attempts were made to bring both Davisson and the notary to trial to testify but both successfully resisted those efforts.

In light of this evidence, the trial court acted within its discretion in concluding that Pham's signature on the deed was not genuine despite the notary's stamp and that Nguyen fraudulently transferred the property to Davisson. The court also did not abuse its discretion in considering such fraud in making a just and right division of the community property. *See Chu*, 249 S.W.3d at 444–45; *Tran*, 480 S.W.3d at 131; *cf. Pulido v. Gonzalez*, No. 01-12-00100-CV, 2013 WL 4680415, at *5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.) (holding alleged signatory's testimony that she did not sign deed, did not intend to convey her property to appellee, and never told appellee otherwise was sufficient to overcome prima facie evidence of certificate of acknowledgement on deed). Accordingly, we overrule Nguyen's sixth issue.

## V. Attorney's Fees

In issue eight, Nguyen contends the trial court erred in ordering him to pay $10,000 of Pham's attorney's fees. Nguyen, however, does not provide any citation

---

[5] Contrary to the concern expressed in the concurrence, we do not describe the purported signature on the deed as part of a de novo factfinding but do so merely to explain how the trial judge as factfinder in this case reasonably could have viewed that evidence. *See Berry*, 2020 WL 742477, at *1; *Morris*, 334 S.W.3d. at 848.

to relevant portions of the record or to authority in support of this issue and makes only a conclusory argument. This issue is therefore inadequately briefed, and we overrule it. *See* Tex. R. App. P. 38.1(i) (requiring that appellate briefs "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also In re S.A.H.*, 420 S.W.3d 911, 929 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (declining to craft appellant's argument for him).

## VI. Just and Right Division

In issue nine, Nguyen asserts the trial court's division of the community estate was arbitrary and unreasonable. This issue is wholly predicated on Nguyen's preceding assertions of error, particularly regarding fraudulent transfer and 9347 Carmalee and the alleged mischaracterization of Nguyen's separate property funds as community property. Because we have concluded there is no merit in each of these preceding arguments, we find no merit in this argument and overrule issue nine.

## VII. Agreement on Child Issues

Lastly, in his tenth issue, Nguyen contends the court erred in adopting the alleged agreement on issues related to the child. As explained above, among other things, the agreement and the court's orders neither named Nguyen a conservator of the child nor granted him any rights of possession or access to the child. Nguyen specifically challenges the legal and factual sufficiency of the evidence to support the trial court's finding that the agreement was in the best interest of the child, and he asserts that English is not his first language and he did not understand the agreement.

"The best interest of the child shall always be the primary consideration of

14

the court in determining the issues of conservatorship and possession of and access to the child." Tex. Fam. Code § 153.002. A trial court is given wide latitude in determining the best interests of a minor child. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Barndt v. Barndt*, No. 03-17-00796-CV, 2019 WL 1746995, at *4 (Tex. App.—Austin Apr. 19, 2019, no pet.) (mem. op.). A trial court abuses its discretion when it acts without reference to guiding rules or principles, that is, when its decision is arbitrary or unreasonable. *Barndt*, 2019 WL 1746995, at *4 (citing *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007)). A trial court does not abuse its discretion so long as there is some evidence of substantive and probative character to support the trial court's decision. *Id.* (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002)).

At the trial of the child issues in this case, the parties announced to the court that they had reached an agreement after about 11 hours in mediation. Both parties then testified that they accepted the agreement and that it was in the best interest of the child, and they urged the court to adopt the agreement as the court's order. Nguyen also testified that he understood his obligation to hand over his monthly social security benefits to Pham as child support.

When the trial judge requested additional evidence that the agreement was in the child's best interest, Pham testified that the child made allegations of sexual abuse against Nguyen that had been referred to the district attorney's office after child protective services (CPS) found reason to believe the allegations. She said the child "made outcries to a number of people," the allegations had remained consistent over time, and CPS had investigated her to eliminate the possibility of coaching. Pham explained that there had already been no contact between the father and child for almost a year. She also said that she believed the child's allegations and there would be harm to the child if the court did not approve the

15

agreement.

Nguyen does not cite any evidence indicating that the agreement was not in the best interest of the child or that he did not understand the agreement due to a language barrier or otherwise. The evidence supports the trial court's finding that the agreement was in the best interest of the child. *See Barndt*, 2019 WL 1746995, at *4. Accordingly, we overrule Nguyen's tenth issue.

### *Conclusion*

Having overruled each of Nguyen's appellate issues, we affirm the trial court's final decree.

/s/    Frances Bourliot
        Justice

Panel consists of Justices Wise, Bourliot, and Spain (Spain, J., concurring).