**Affirmed and Opinion filed May 6, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00283-CV

## IN THE MATTER OF THE MARRIAGE OF VALERIE DELAINE O'BRIEN AND RICHARD ELDON O'BRIEN

**On Appeal from the 413th District Court
Johnson County, Texas
Trial Court Cause No. D201006032**

## O P I N I O N

Appellant Valerie O'Brien contests the division of property contained in the final decree of divorce dissolving her marriage to appellee Richard O'Brien. In four issues, Valerie contends the trial court erred in (1) assigning a $32,000 community debt entirely to Valerie, (2) denying Valerie credit for the community estate's payment of storage fees related to Richard's separate property during the marriage, (3) denying Valerie credit for payment of Richard's share of a community land debt during the 28-month pendency of the litigation, and (4)

characterizing Valerie's separate property business as community property. We affirm.[1]

## *Background*

The trial court rendered its final decree in the O'Briens' divorce on December 6, 2012. The court subsequently issued findings of fact and conclusions of law. Among its findings of fact, the court stated that during the marriage, the parties acquired certain community property, including an interest in real property situated in Somervell County, Texas; "[m]iscellaneous personal property which had either negligible value or was divided equally between the parties"; and "[a] business known as Valerie's Music, which was awarded in its entirety to" Valerie. The court further found that the parties held as a community liability a line of credit in Valerie's name with J.P. Morgan Chase. Regarding separate property, the court found that Valerie owned certain real property (where the couple resided during the marriage), and that Richard had used $24,965.51 of his separate property to pay Valerie's debt on her separate property. Accordingly, the court granted Richard a $24,965.51 reimbursement claim for the payment of Valerie's debt. The court further noted that the parties had stipulated to the fact and amount of Richard's payment. Lastly, the court stated that it was denying Valerie's request for a credit against the reimbursement claim, saying it was "contrary to the law and the stipulation."

In its conclusions of law, the court stated that the divorce was granted on grounds of insupportability, all of the property belonged to the community estate except Valerie's real property, and "[t]he division of the property . . . is just and

[1] By order of the Texas Supreme Court, this case was transferred to this court's docket from the Tenth Court of Appeals. *See* Tex. Gov't Code § 73.001. To the extent there is any conflict between the precedent of the two courts, we are required to apply the transferor court's precedent. Tex. R. App. P. 41.3.

2

right . . . irrespective of the characterization of any item of property as community or separate." The court further noted Richard's reimbursement claim was part of a just and right division of assets and liabilities of the marriage and again stated Valerie was not entitled to any offset "because community property funds were used to pay community property expenses."

In its decree, the court awarded each party one-half of the couples' interest in the Somervell County real property. The court further awarded each side numerous personal property items in their individual possession or control, as well as the cash and financial and retirement accounts in their control. Regarding the business known as Valerie's Music, the court awarded "any and all interest in the business" to Valerie. Concerning debts, the court ordered Richard to pay all debts incurred in his name as well as all taxes and other charges on any real or personal property awarded to him. The court also ordered Valerie to pay all debts incurred in her name, "including but not limited to the JP Morgan Chase line of credit." The Court additionally confirmed the real property that belonged to Valerie as her separate property and ordered her to pay Richard $24,965.51, with a lien in his favor for that amount being placed on Valerie's separate real property.

### *Standards of Review*

In dividing marital property upon divorce, a trial court must order a division in a manner that the court deems just and right, having due regard for the rights of each party. Tex. Fam. Code § 7.001. The property division need not be equal, but it must be equitable, and a trial court may consider numerous factors when exercising its broad discretion to divide the marital property, including the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of the separate estates, and the probable need for future support. *Murff v. Murff*, 615 S.W.2d 696,

3

699 (Tex. 1981). A disproportionate division must be supported by some reasonable basis. *Alonso v. Alvarez*, 409 S.W.3d 754, 758-59 (Tex. App.—San Antonio 2013, pet. denied).

We presume the trial court properly exercised its discretion and will correct the trial court's division of marital property only when an abuse of discretion has been shown. *Murff*, 615 S.W.2d at 698. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but rather, whether the court acted arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We indulge every reasonable presumption in favor of finding the trial court properly exercised its discretion in dividing the community estate. *Vannerson v. Vannerson*, 857 S.W.2d 659, 669 (Tex. App.—Houston [1st Dist.] 1993, writ denied). To prevail on a complaint about the division of property, an appellant has the burden of demonstrating based on evidence in the record that the division was so unjust and unfair as to constitute an abuse of discretion. *Mohindra v. Mohindra*, No. 14-06-00056-CV, 2007 WL 3072057, at *2 (Tex. App.—Houston [14th Dist.] Oct. 23, 2007, no pet.) (mem. op.); *Vannerson*, 857 S.W.2d. at 672; *Posey v. Posey*, 561 S.W.2d 602, 606 (Tex. App.—Waco 1978, writ dism'd). When the complaining party does not provide values of the property to the trial court, that party cannot complain on appeal of the trial court's property division. *Monroe v. Monroe*, 358 S.W.3d 711, 718 (Tex. App.—San Antonio 2011, pet. denied) (citing *Vannerson*, 857 S.W.2d. at 670). Under the abuse of discretion standard, sufficiency of the evidence is not an independent ground of error but rather is a relevant factor in assessing whether the trial court abused its discretion. *In re T.J.L.*, 97 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Walston v. Walston*, 971 S.W.2d 687, 691-92 (Tex. App.—Waco

4

1998, pet. denied).

Reimbursement is an equitable right that arises when the funds or assets of one estate are used to benefit and enhance another estate without the first estate receiving some benefit. *Willmore v. Quigley*, No. 14–12–00060–CV, 2013 WL 2296187, at *3 (Tex. App.—Houston [14th Dist.] May 23, 2013, no pet.) (mem. op.); *see also Beard v. Beard*, 49 S.W.3d 40, 56-57 (Tex. App.—Waco 2001, pet. denied). Reimbursement is not available as a matter of law but lies within the trial court's broad discretion. *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982); *Zamiatowski v. Zamiatowski*, No. 14–12–00478–CV, 2013 WL 1803604, at *1 (Tex. App.—Houston [14th Dist.] April 30, 2013, no pet.) (mem. op.). The trial court's discretion in evaluating a claim for reimbursement is as broad as its discretion to effect a just and proper division of the community estate. *Willmore*, 2013 WL 2296187, at *3; *see also Penick v. Penick*, 783 S.W.2d 194, 198 (Tex. 1988) ("In the final analysis, great latitude must be given to the trial court in applying equitable principles to value a claim for reimbursement.").

In considering a claim for reimbursement, a court must take into account all the relative circumstances of the spouses, determine the rights of both spouses, apply equitable principles to determine whether to recognize the claim, and order a division of the claim for reimbursement, if appropriate, in a manner that the court considers just and right, having due regard for the rights of each party. *Willmore*, 2013 WL 2296187, at *3. A party claiming a right of reimbursement must plead and prove that expenditures were made and that they are reimbursable. *Vallone*, 644 S.W.2d at 458–59; *Willmore*, 2013 WL 2296187, at *3; *Beard*, 49 S.W.3d at 56-57. Claims for reimbursement may be offset against each other if the court determines that is appropriate. *Willmore*, 2013 WL 2296187, at *3.

5

*Line of Credit*

In her first issue, Valerie contends that the court erred in assigning the JP Morgan Chase line of credit—a community debt—entirely to her.[2] At trial, Valerie requested that Richard be assigned some of that debt or that she be given an offset for Richard's share of the debt against the $24,965.51 reimbursement judgment she was ordered to pay. In her appellate briefing, Valerie neither expressly states a basis—legal or otherwise—for her contention that the trial court erred in assigning this debt to her, nor cites any authority supporting her assertion that the trial court erred. This issue is therefore inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *In re S.A.H.*, 420 S.W.3d 911, 929 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (declining to craft appellant's argument for him).

Moreover, Valerie offers no contentions, analysis, or values regarding the cash and financial and retirement accounts or the other debts the trial court divided between the parties. Without such information, it is impossible to determine whether the trial court reached an equitable, just, and right division of the marital estate as a whole. *See* Tex. Fam. Code § 7.001; *Murff*, 615 S.W.2d at 699. As discussed above, to prevail on a complaint about the division of property, an appellant has the burden of demonstrating based on evidence in the record that the division was so unjust and unfair as to constitute an abuse of discretion. *See Mohindra*, 2007 WL 3072057, at *2; *Vannerson*, 857 S.W.2d. at 672; *Posey*, 561 S.W.2d at 606. Valerie has not met her burden of demonstrating the trial court abused its discretion in the division of property in this case.[3] Accordingly, we

---

[2] Valerie asserts that the amount of this debt at the time of trial was around $32,000.

[3] In his appellee's brief, Richard offers several possible reasons why the trial court may

6

overrule her first issue.

### *Storage Fees*

In issue two, Valerie argues that the court erred in failing to credit her for the community estate's payment of $8,395, an amount representing the aggregate sum of monthly rental fees related to a storage unit Richard had rented beginning before the marriage and which contained his separate property. Valerie specifically seeks an offset for one-half of the fees against the $24,965.51 reimbursement judgment against her. At trial, Valerie testified that Richard had rented the storage unit before their marriage began, that it only ever held his property, and that she paid the monthly charge with community funds. The trial court, however, clearly rejected her characterization of the rental payments as Richard's separate property debt, stating in its findings of fact that her reimbursement claim was "contrary to the law" and in its conclusions of law that Valerie was not entitled to any offset "because community property funds were used to pay community property expenses."

On appeal, Valerie argues that she was entitled to reimbursement under Family Code section 3.402(a)(1) because the storage fee payments constituted "payment by one marital estate of the unsecured liabilities of another marital estate." Tex. Fam. Code § 3.402(a)(1). A claim for reimbursement arises when the funds or assets of one estate are used to benefit and enhance another estate without itself receiving some benefit; it is generally a matter of discretion for the trial court. *Vallone*, 644 S.W.2d at 459; *Willmore*, 2013 WL 2296187, at *3. The party claiming reimbursement bears the burden of establishing the net benefit to

have decided to assign all of the line-of-credit debt to Valerie; however, since the burden was not on Richard to support the trial court's division but on Valerie to contest it and she has failed to properly do so, we need not address Richard's contentions.

the payee estate. *See Vallone*, 644 S.W.2d at 458–59; *Willmore*, 2013 WL 2296187, at \*3.

Here, Valerie does not provide any authority or analysis supporting her assertion that monthly storage fees paid to house separate property during marriage is an "unsecured liability" of Richard's separate estate or that such storage did not benefit the community as well. Consequently, she has not met her burden on her reimbursement claim. *See* Tex. Fam. Code § 3.402(a)(1); *Vallone*, 644 S.W.2d at 459; *Willmore*, 2013 WL 2296187, at \*3; *see also* Tex. R. App. P. 38.1(i); *In re S.A.H.*, 420 S.W.3d at 929. Moreover, as finder of fact, the trial court was free to disbelieve Valerie's testimony regarding payment for the storage unit and the nature of the storage unit's contents. *See, e.g., Mays v. Pierce*, 203 S.W.3d 564 578 n.20 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (holding trial court was free to disbelieve witness's testimony that remediation work had been performed particularly where that testimony was the only evidence presented in support of the contention).[4] We overrule Valerie's second issue.

### *Property Payments*

In her third issue, Valerie asserts the trial court erred in refusing to grant her a credit for the fact she continued to make the couples' monthly land payments for the Somervell County property during the 28-months that the divorce proceedings were pending. Valerie states that she is entitled to the offset "[b]ecause her separate funds were used to benefit [Richard's] separate estate," again citing Family Code section 3.402(a)(1). She does not, however, cite to any evidence supporting her suggestions that either (1) she used her separate funds to make the

---

[4] At the hearing on Valerie's motion for new trial, the trial court treated Valerie's contentions regarding the storage unit as challenging the sufficiency of the evidence to support the trial court's ruling on this issue.

payments, or (2) the payments benefitted Richard's separate estate. In another place in her brief, Valerie states that the payments came from "her individual earnings." Although the record citation she provides does not support this statement, even if it did, earnings during marriage, even during the pendency of divorce proceedings, are community property. *See, e.g., Williams v. Williams*, 246 S.W.3d 207, 211 n.2 (Tex. App.—Houston [14th Dist.] 2007, no pet.). There was also testimony from both Valerie and Richard establishing that the property on which the payments were made was community property at the time the payments were made. Valerie was not entitled to an offset "because community property funds were used to pay community property expenses."[5] *See Willmore*, 2013 WL 2296187, at \*3 (explaining that reimbursement is available when the debt of one estate is paid with the funds or assets of another estate without receiving a benefit). Consequently, we overrule Valerie's third issue.

### *Valerie's Business*

In her fourth issue, Valerie contends the trial court erred in characterizing her music instruction business, Valerie's Music, as community property.[6] She insists that the record contains no testimony or evidence that Richard had or claimed any interest in the business. She further states that the "business [was] not mentioned in pretrial pleadings or at trial, but appears as if out of thin air" in Richard's proposed final decree and the final decree entered by the court.

The business was actually mentioned several times in pretrial pleadings and

---

[5] It is unclear from this record whether the trial court took Valerie's payments into account in making a just and right division of the community property.

[6] As stated above, although the court characterized the business as community property, it awarded all interests in the business to Valerie. Valerie's concern appears to be that if the court mischaracterized the business, it may have impacted the court's division of the community estate.

orders as well as during trial. Valerie mentions it in her original petition, calling it "her" business but not expressly representing it was her separate property. It is also listed in a temporary restraining order and a subsequent agreed temporary restraining order signed by the judge. Each of these orders gave Valerie exclusive use of the business and restrained Richard from any use. Valerie also filed a sworn inventory listing the business as her separate property, but it does not appear that this inventory was introduced into evidence at trial. The business was further mentioned at least twice during trial, once when Valerie discussed a studio on her property that she described as "my business where I teach," and additionally in regards to a bank account in Valerie's name "d/b/a Valerie's Music." Although the business was certainly not discussed in detail at trial or in the pleadings, it did not appear "as if out of thin air" in the judgment as Valerie suggests.

Valerie is correct that the trial record contains no testimony or other evidence that Richard had or claimed any interest in the business, but the record also does not contain any evidence that the business was Valerie's separate property. "Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." Tex. Fam. Code § 3.003(a). A party claiming certain property as her separate property must overcome the burden of rebutting the community property presumption by tracing and clearly identifying the property in question as separate by clear and convincing evidence. *Pearson v. Fillingim*, 332 S.W.3d 361, 363-64 (Tex. 2011). Because Valerie failed to present any evidence at trial regarding characterization of the music instruction business, she did not overcome her burden of rebutting the community-property presumption. *See id*. (holding husband did not meet burden of overcoming community-property presumption).[7] Accordingly, the trial court did not err in

---

[7] Valerie additionally points to evidence she filed in connection with her motion for new

characterizing the business as community property.

Having overruled each of Valerie's appellate issues, we affirm the trial court's judgment.


/s/      Martha Hill Jamison
         Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.

---

trial as demonstrating that the business was her separate property.  At the hearing on the motion for new trial, however, the court clearly declined to reopen the case or consider any new evidence but instead treated the evidentiary proceedings as closed.  *See generally* Tex. R. Civ. P. 270 ("When it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time . . . ."); *Hammer v. Wood*, No. 14-07-01081-CV, 2009 WL 2589432, at *3 (Tex. App.—Houston [14th Dist.] Aug. 25, 2009, no pet.) (mem. op.) (explaining appellate court would not consider evidence offered post-trial and post-rendition of judgment where trial court did not permit reopening of evidence or grant a new trial based on newly discovered evidence).