**Affirmed and Majority and Dissenting Opinions filed June 27, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00672-CV

## IN THE MATTER OF THE MARRIAGE OF JOSE EUGENIO RANGEL AND CATALINA TOVIAS-RANGEL

**On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 2015-68294**

## M A J O R I T Y   O P I N I O N

Catalina Tovias-Rangel appeals from a final decree of divorce dissolving her marriage to Jose Eugenio Rangel. In her first four issues, Catalina complains that the trial court abused its discretion by excluding certain evidence, the cumulative effect of which denied her a fair trial and probably caused an improper judgment. In a fifth issue, Catalina asserts that the trial court's equal disposition of the marital

residence was manifestly unjust because it is unsupported by factually sufficient evidence.[1]

We affirm the judgment.

## Background

Catalina and Jose Eugenio Rangel married in 1996 and separated in 2015. They have two children. Jose filed an original petition for divorce, and Catalina filed a counter-petition.

The parties agreed to a mediated settlement agreement addressing custody of the children and child support. The parties also agreed on terms regarding the division of the community estate except for the home purchased during the marriage. The only issues at trial involved the grounds for divorce and division of the marital residence. On these matters, Catalina complains that the trial court abused its discretion by excluding evidence in three categories: (1) Catalina's separate property contribution to the purchase of the marital home; (2) Catalina's sole assumption of marital residence expenses during the marriage; and (3) Catalina's personal observation of her husband's "public display of intimacy with an alleged affair partner." We discuss the record regarding these arguments in more detail below.

The trial court granted the divorce, ordered the marital residence sold, and ordered the sale proceeds divided equally among Catalina and Jose.

Catalina filed a motion for new trial and to reform the judgment. Catalina attached a declaration to the motion that detailed certain facts to which she said she would have testified had the trial court not excluded those matters. In the motion,

---

[1] No marital asset is in dispute besides the marital residence. The parties settled all other issues.

2

Catalina asked the trial court to reform the judgment and award the marital residence to her. Alternatively, Catalina sought a new trial on the marital residence issue.

The trial court held a hearing on the motion. Catalina's counsel called Catalina as a witness, but the trial court sustained Jose's objection to the consideration of new evidence. The trial court denied the motion.

## Analysis

### A.    Evidentiary Issues

We discuss Catalina's first three issues together because they are grounded on the argument that the trial court wrongly excluded evidence.

In her first issue, Catalina argues that the trial court erroneously excluded evidence involving her use of separate property as a down payment on the marital residence. In her second issue, Catalina claims the trial court erred in excluding evidence that she paid the mortgage, insurance, and taxes on the marital residence for over two years without Jose's assistance and in part from her separate property. In her third issue, Catalina contends that the trial court erroneously excluded her testimony that she saw Jose's public display of intimacy with an alleged affair partner.

On direct examination, Catalina was asked how the marital residence was purchased. Jose's counsel objected on the basis that "any testimony about a down payment on the home or any other claims of reimbursement" had not been pleaded. The trial court sustained the objection. Catalina's counsel responded, "In my pleading, I addressed division of community property and requested a disproportionate share of the parties? . . . Would that not address the -- what we're discussing about the main residence?" The trial court responded, "Right. Counsel,

I've stated several times that that is a contested issue, whether or not the division of this estate should be disproportionate or not. So, yes, you may go into why it should be disproportionate. However, a down payment on a residence is not a disproportionate issue."[2]

Catalina's counsel then stated that Catalina made other payments regarding the residence after Jose moved out, specifically house payments, insurance and taxes. Jose again objected that the described evidence went to an unpleaded claim for reimbursement. The trial court sustained the objection. Catalina's counsel passed the witness.

Later, an exchange occurred during Catalina's direct examination that forms the basis of her third issue:

Q.     Do you know Ms. Norma?

A.     Yes.

Q.     What do you think is the relationship between Mr. Rangel and Norma?

A.     He went to live at the house where he used to live. And several times he took her to parties where my children and I were. And he will introduce her as his partner.

[JOSE'S COUNSEL]:     I'm going to object to what the children say, Judge, as hearsay.

THE COURT:     Sustained. You can ask your next question.

Q.     [CATALINA'S COUNSEL] Do you believe that they were living together?

A.     Yes, because he also took the vehicles that we had; and one of them, she was driving them. She was driving that one vehicle.

---

[2] In her counter-petition, Catalina sought a disproportionate division of the community estate and alleged that she should be awarded a disproportionate share due to, among other things, "creation of community property through the use of a spouse's separate estate" and "reimbursement."

### 1. *Standard of Review*

Evidentiary decisions are committed to the trial court's sound discretion. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Id.* We must uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 264 (Tex. 2012). Even if the trial court erred by denying admission of the evidence, however, we cannot reverse unless the record shows the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).

### 2. *Preservation of Error*

To show that the trial court abused its discretion in excluding evidence, a complaining party must preserve error by actually offering the evidence and obtaining an adverse ruling from the court. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a); *In re Marriage of Harrison*, 557 S.W.3d 99, 121 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *In re L.D.W.*, No. 14-11-00438-CV, 2013 WL 2247383, at *3 (Tex. App.—Houston [14th Dist.] May 21, 2013, no pet.) (mem. op.). Further, once a proponent secures an exclusionary ruling, she must preserve the evidence in the record by an offer of proof to complain of the exclusion on appeal. Tex. R. Evid. 103(a), (b); *Harrison*, 557 S.W.3d at 121.[3] The rules of evidence do not mandate a "formal" offer of proof; they require only a "short,

---

[3] When no offer of proof is made before the trial court, the party must introduce the excluded testimony into the record by a formal bill of exception. *See Sw. Country Enters., Inc. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 494-95 (Tex. App.—Fort Worth 1999, pet. denied). A formal bill of exception must be presented to the trial court for its approval, and, if the parties agree to the contents of the bill, the trial court must sign the bill and file it with the trial court clerk. Tex. R. App. P. 33.2(c); *Bryan v. Watumull*, 230 S.W.3d 503, 516 (Tex. App.—Dallas 2007, pet. denied).

factual recitation of what the [evidence] would show" to preserve the issue for appeal. *In re N.R.C.*, 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). The offer of proof nonetheless must inform the court of the substance of the evidence unless the substance is apparent from the context. Tex. R. Evid. 103(a)(2); *Garden Ridge, L.P. v. Clear Lake Ctr., L.P.*, 504 S.W.3d 428, 438 (Tex. App.—Houston [14th Dist.] 2016, no pet.). The offer must include "the meat of the actual evidence" rather than a general, cursory summary, so that the appellate court can meaningfully assess whether the exclusion of the evidence was erroneous and harmful. *Mays v. State*, 285 S.W.3d 884, 890-91 (Tex. Crim. App. 2009); *see also Garden Ridge*, 504 S.W.3d at 441.

For example, in *Garden Ridge*, we held that a party did not make an offer of proof when it failed to show "what questions counsel intended to ask" and, more importantly, "how the witnesses would have responded." *Garden Ridge*, 504 S.W.3d at 439 (citing *Quiroz v. Llamas-Soforo*, 483 S.W.3d 710, 722-23 (Tex. App.—El Paso 2016, pet. dism'd) (overruling complaint about the exclusion of a photograph and associated cross-examination of the defendant's experts when trial counsel did not show what questions counsel would have asked and the associated answers)). Without knowing what the witnesses would have said, "we cannot determine whether the exclusion of the evidence probably caused the rendition of an improper judgment and can be the basis for reversible error." *Id*. Even when the reviewing court may "'be able to discern from the record the general nature of the evidence and the propriety of the trial court's ruling,'" an offer showing the evidence's substance is still critical because, without it, the court cannot "'determine whether exclusion of the evidence was harmful.'" *Compton v. Pfannenstiel*, 428 S.W.3d 881, 886 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting *Akukoro v. Akukoro*, No. 01-12-01072-CV, 2013 WL 6729661, at *6

(Tex. App.—Houston [1st Dist.] Dec. 19, 2013, no pet.) (mem. op.)). Failure to demonstrate the substance of the excluded evidence results in waiver. Tex. R. App. P. 33.1(a)(1)(B); *Sw. Country Enters., Inc. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 494 (Tex. App.—Fort Worth 1999, pet. denied).

### 3.    *Application*

In this case, Catalina did not make an offer of proof or file a bill of exception regarding the excluded evidence of which she complains in her first three issues.

As to the down payment source for the marital residence, Catalina did not inform the trial court that she used separate property for the down payment, and she did not seek to make an offer of proof during trial or file a bill of exception. The source of funds for the down payment likewise was not apparent from the context of the record. Although Catalina filed a motion for new trial and attached a declaration detailing this information, we may not consider the content of her declaration because she filed it after the close of evidence and after judgment. *See Tolpo v. Denny*, No. 02-15-00231-CV, 2016 WL 1601068, at \*3 (Tex. App.—Fort Worth Apr. 21, 2016, no pet.) (mem. op.); *In re Estate of Miller*, 243 S.W.3d 831, 838 (Tex. App.—Dallas 2008, no pet.); *Villarreal v. Villarreal*, No. 14-03-00577-CV, 2004 WL 1381025, at \*3 n.5 (Tex. App.—Houston [14th Dist.] June 22, 2004, no pet.) (mem. op.); *see also Rust v. State*, No. 06-18-00050-CR, 2019 WL 453650, at \*2 (Tex. App.—Texarkana Feb. 6, 2019, no pet.) (mem. op., not designated for publication). Because Catalina failed make a timely offer of proof, we do not reach Catalina's first issue that the trial court abused its discretion in excluding evidence that she used separate property to purchase the marital residence.

We also overrule Catalina's third issue on preservation grounds because Catalina never attempted to offer the evidence she complains was excluded. The

trial court excluded any evidence from the children's perspective, but Catalina was not asked any follow-up questions regarding what she personally observed. She never offered any testimony that she witnessed a "public display of intimacy with an alleged affair partner." A complaining party must preserve error by actually offering the evidence and obtaining an adverse ruling. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a); *Harrison*, 557 S.W.3d at 121.

In support of her second issue, Catalina relies on her counsel's statement that Catalina "made other payments for the house . . . [for] 30 months . . . plus other payments, such as insurance and taxes." But this single statement is, at best, a general summary of the topics to which Catalina would testify had she been asked. It does not inform the trial court of the substance of the testimony. It does not, for example, put into the record the amounts paid or whether (and to what extent) the payments made originated from her separate property, which is a principal focus of her appellate argument in issue two. She relies heavily on her motion for new trial declaration, which details the substance of her contemplated testimony summarized above, but again we may not consider the content of her declaration. *See Tolpo*, 2016 WL 1601068, at *3; *In re Estate of Miller*, 243 S.W.3d at 838; *Villarreal*, 2004 WL 1381025, at *3 n.5. Therefore, Catalina did not assure the excluded testimony was included in the trial record itself.

In all events, we need not decide whether Catalina preserved her complaint in issue two concerning the payments, because Catalina has failed to demonstrate that any error in excluding the evidence of her house payments was harmful. Even presuming we could discern from counsel's summary enough information to conclude that the proposed topics of testimony are relevant to Catalina's pleaded claim for a disproportionate division of the marital residence and exclusion was error, Catalina has not shown harm.

To obtain reversal of a judgment based on erroneously excluded evidence, Catalina must demonstrate that the error probably caused the rendition of an improper judgment. *See L.D.W.*, 2013 WL 2247383, at *2. In determining harm, the court ordinarily will not reverse a judgment when the evidence in question is not controlling on a material issue dispositive to the case. *See Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted. *Id.*; *Harrison*, 557 S.W.3d at 121; *Garden Ridge*, 504 S.W.3d at 441.

Catalina's contention is that the exclusion probably caused the rendition of an improper judgment because her testimony probably would have had a substantial impact on the division of the marital residence. When a divorced party complains that a trial court's error, including an erroneous exclusion of evidence, resulted in an unfair division of property, the party must demonstrate from the record that the estate's division is so unjust and unfair as to constitute an abuse of discretion. *See Harrison*, 557 S.W.3d at 140-41 (alleged characterization error); *Christian v. Christian*, No. 14-99-00312-CV, 2001 WL 543685, at *3-4 (Tex. App.—Houston [14th Dist.] May 24, 2001, no pet.) (not designated for publication) (party argued that trial court erroneously excluded party-witness testimony, resulting in unfairly disproportionate property division; court found error but appellant did not show harm); *see also Vasudevan v. Vasudevan*, No. 14-14-00765-CV, 2015 WL 4774569, at *3 (Tex. App.—Houston [14th Dist.] Aug. 13, 2015, no pet.) (mem. op.) (trial court's division of property reviewed for abuse of discretion). A trial court is required to divide the property in a just and right manner. Tex. Fam. Code § 7.001; *Finch v. Finch*, 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 1992, no writ). Generally, a divorce court has wide

9

discretionary latitude to divide the marital estate. *See Tran v. Nguyen*, 480 S.W.3d 119, 131 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The trial court's division of the community estate should be corrected on appeal only if the trial court clearly abused its discretion by ordering a division that is "manifestly unjust and unfair." *Martin v. Martin*, 797 S.W.2d 347, 351 (Tex. App.—Texarkana 1990, no writ) (citing *McKnight v. McKnight*, 543 S.W.2d 863, 866 (Tex. 1976)). In exercising its discretion, the trial court may consider many factors, and it is presumed that the trial court exercised its discretion properly.[4] *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974). On appeal, the burden rests on the appellant to show that the record evidences that the division was so disproportionate as to be unjust and unfair. *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 836 (Tex. App.—Texarkana 1996, writ denied).

Here, Catalina cites no authority to support her suggestion of harm;[5] she includes no argument explaining why excluding evidence of the house payments was controlling, why the judgment turned on that evidence, or why dividing the residence equally among the parties resulted in a manifestly unfair division considering the entire estate;[6] and the only part of the record she cites is her motion for new trial declaration, which, as mentioned, we cannot consider. In essence, her

---

[4] These factors include: (1) the spouses' capacities and abilities; (2) benefits which the party not at fault would have derived from continuation of the marriage; (3) business opportunities; (4) education; (5) relative physical conditions; (6) relative financial condition and obligations; (7) disparity of ages; (8) size of separate estates; (9) the nature of the property; and (10) disparities in earning capacities and income. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981).

[5] The rules of appellate procedure require a party's brief to contain a "clear and concise argument" for the party's contentions and "appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i).

[6] The Supreme Court of Texas has held that an equal division is not an abuse of discretion, even if the record would support a disproportionate division. *See Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex. 1987).

argument is that evidence of her house payments is relevant to division of the marital residence, and its exclusion therefore probably led to an improper judgment.

The burden to show that a trial court's error caused a manifestly unjust property division is a high one and, even with adequate briefing, more difficult when the record contains no findings as to the value of the estate assets. Presuming Catalina is correct that the trial court erred in excluding evidence that she solely made house payments for over two years, she has not demonstrated that the trial court's ruling resulted in an overall division of the marital estate that was not "just and right." *See* Tex. Fam. Code § 7.001. To determine whether the trial court divided the community estate in a "just and right" manner, we must have the trial court's findings on the value of those assets. *Harrison*, 557 S.W.3d at 141; *Vasudevan*, 2015 WL 4774569, at *4. Without findings of fact, we do not know the basis for the division, the values assigned to the community assets, or the percentage of the marital estate that each party received. *Vasudevan*, 2015 WL 4774569, at *4.

The trial court did not file findings of fact and conclusions of law reflecting the value the court assigned to each community asset or liability, the value of the community property, the value of the marital residence, or the factors the trial court considered in dividing the marital estate.[7] The judgment does not include this information either. The admitted evidence does not show the payment amounts Catalina claims to have made or what portions of them, if any, were from her separate estate. She argues that she paid these expenses from her "exclusive

---

[7] Catalina requested findings of fact and conclusions of law, but the trial court did not sign any. Catalina did not timely file a notice of past due findings of fact and conclusions of law, Tex. R. Civ. P. 297, and she does she complain on appeal of the court's failure to sign findings and conclusions.

11

earnings." But earnings by either spouse during marriage generally are community property. Tex. Fam. Code § 3.002; *In re Marriage of O'Brien*, 436 S.W.3d 78, 84 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (providing that "earnings during marriage, even during the pendency of divorce proceedings, are community property"); *Williams v. Williams*, 246 S.W.3d 207, 211 n.2 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Thus, Catalina has directed us to no evidence that her payment of these expenses during the marriage should have resulted in a disproportionate division of property because she paid them from her income during the marriage, which was community property. *See O'Brien*, 436 S.W.3d at 84. Moreover, insofar as our record shows, the marital residence was community property at the time the payments were made, and Catalina is not entitled to an offset "because community property funds were used to pay community property expenses." *See id*. Nor did she present evidence as to whether, and if so how much, of the payments came from her separate estate.

We are thus unable to determine whether the judgment turned on the excluded evidence. *See Harrison*, 557 S.W.3d at 141; *Bell v. Bell*, 540 S.W.2d 432, 436 (Tex. App.—Houston (1st Dist.) 1976, no writ) (trial court erred in excluding evidence of spouse's alleged adultery; but appellant did not show exclusion caused rendition of unfair overall community property division); *Cravens v. Cravens*, 533 S.W.2d 372, 375-76 (Tex. App.—El Paso 1975, no writ) (holding trial court erred in admitting evidence of spouse's polygraph results, but the evidentiary error not shown harmful because no findings of values placed individually or collectively upon various items of property awarded each party; without findings court could not determine if property was divided unfairly). Further, although Catalina complains in issue five that the property division is not supported by factually sufficient evidence, she does not mention the excluded

12

evidence in that issue and does not explain why exclusion of the payments was controlling. Thus, we overrule Catalina's second issue.

## B.    Remaining Issues

Because we conclude Catalina's evidentiary complaints lack merit or are unpreserved, her fourth issue on cumulative harm is moot.

In her fifth issue, Catalina argues that the equal disposition of the marital residence is unsupported by factually sufficient evidence. However, presuming she is correct that some evidence supports an unequal division in her favor, without findings we are unable to sustain her argument or determine whether the trial court divided the community estate in a "just and right" manner, or whether an equal division of the marital residence is against the great weight of the evidence considering the overall estate's division. *See Harrison*, 557 S.W.3d at 141; *Vasudevan*, 2015 WL 4774569, at *4. We have no way to determine whether the trial court's award to Catalina of other community assets in accordance with the parties' agreement, together with an equal division of the marital residence, did not result in a just and right division given the totality of the circumstances.

## Conclusion

We affirm the trial court's judgment.


/s/    Kevin Jewell
Justice


Panel consists of Justices Wise, Jewell, and Bourliot. (Bourliot, J., dissenting).