**Affirmed and Memorandum Opinion filed November 10, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00651-CV

**DARRELL DALEN FORD, Appellant**

**V.**

**ARACELI P. FORD, Appellee**

**On Appeal from the County Court at Law
Grimes County, Texas
Trial Court Cause No. 3828**

## M E M O R A N D U M   O P I N I O N

Darrell Glenn Ford ("Dale") appeals from the final decree of divorce dissolving his marriage to Araceli P. Ford. Dale contends that the trial court erred in its division of the marital estate, particularly in dividing the parties' sole piece of real property, and in permitting Araceli to offer evidence despite the prior imposition of discovery sanctions against her. We affirm.

## *Background*

Dale and Araceli got married in 1995. In 2017, Araceli filed a petition for divorce and Dale filed a counter-petition. By that time, the couple's children were grown, and the couple owned a 50-acre ranch as well as numerous items of personal property. Prior to trial, Dale filed a motion to compel discovery and a subsequent motion for discovery sanctions. The trial court granted both motions and ordered that Araceli would not be allowed to testify as to the value of community property.[1]

Regarding the ranch, Dale acknowledged in his testimony that it had been appraised for tax purposes at $529,280, but he testified that it was actually worth only $400,000. He further opined that the westernmost ten acres of the ranch had the richest soil and were the most beautiful. He requested that the trial court award him the ranch in its entirety, but in the alternative, he suggested Araceli receive the "richest 10 acres" and he receive the other 40 acres, which included a mobile home, a barn, a pond, and other improvements.

Prior to Araceli's testimony, Dale's attorney offered a blanket objection to any testimony or other evidence Araceli might offer as to the value of the couple's assets. The trial judge then indicated that he would allow Araceli to offer her own opinion regarding value but he would not allow her to introduce evidence of third-party valuations. Araceli then testified that she thought the ranch and the mobile home together were worth one million dollars. The trial court also admitted into evidence a spreadsheet offered by Araceli showing numerous property items and

---

[1] The appellate record does not contain the trial court's sanctions order; however, Dale asserts the order barred Araceli from testifying on value and she does not dispute that characterization. *See generally* Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them."). The precise language in the order would have no bearing on our resolution of the issues in this appeal.

the values assigned to those items by both Dale and Araceli. The court also admitted a spreadsheet offered by Dale listing values.

In the final decree of divorce, the trial court ordered the ranch land to be divided fairly evenly, with Dale receiving the eastmost 23 acres, including the mobile home and its contents, the barn and its contents, and the pond, and Aracelli receiving the western 27 acres, including the "richest 10 acres." Araceli additionally received various items of personal property including household furnishings, clothing, jewelry, and other personal effects in her possession, the funds on deposit in two bank accounts, a Yukon SUV, two dogs, and some birds.

Dale additionally received various personal property items including extensive furniture and furnishings, two televisions, clothing, jewelry, other personal effects, the funds in two other bank accounts, 12 vehicles, four boats, a tractor, a "fifth wheel" trailer, a gooseneck trailer, four vehicle frames, jet skis, a four-wheeler, multiple pieces of shop equipment, power tools, riding lawn mowers, a forklift, the rights in a timeshare, three horses, and a dog. Among the debts assigned to the parties, each was assigned the taxes and other encumbrances associated with the property they received, Areceli was assigned five health-related accounts, and Dale was ordered to pay the couple's income tax arrears.

### *Discussion*

As mentioned, Dale asserts in a single issue on appeal that the trial court erred in (1) dividing the marital estate and (2) permitting Araceli to offer evidence despite the discovery sanctions against her. We will discuss each argument in turn.

**Property division.** Under his first argument, Dale specifically asserts that the trial court lacked sufficient evidence to make a just and right division of the property. In dividing marital property upon divorce, a trial court must order a

division in a manner that the court deems just and right, having due regard for the rights of each party. Tex. Fam. Code § 7.001. The property division need not be equal, but it must be equitable, and a trial court may consider numerous factors when exercising its broad discretion to divide the marital property, including the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of the separate estates, and the probable need for future support. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *Marriage of O'Brien*, 436 S.W.3d 78, 81 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

We presume the trial court properly exercised its discretion and will correct the trial court's division of marital property only when an abuse of discretion has been shown. *Murff*, 615 S.W.2d at 698; *O'Brien*, 436 S.W.3d at 82. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but rather, whether the court acted arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We indulge every reasonable presumption in favor of finding the trial court properly exercised its discretion in dividing the community estate. *O'Brien*, 436 S.W.3d at 82. To prevail on a complaint about the division of property, an appellant has the burden of demonstrating, based on evidence in the record, that the division was so unjust and unfair as to constitute an abuse of discretion. *O'Brien*, 436 S.W.3d at 82. Under the abuse of discretion standard, sufficiency of the evidence is not an independent ground of error but rather is a relevant factor in assessing whether the trial court abused its discretion. *In re Marriage of Penafiel*, 633 S.W.3d 36, 44–45 (Tex. App.—Houston [14th Dist.] 2021, pet. denied).

Although Dale asserts the trial court had insufficient information on which

to base a just and right division of the marital estate, he does not offer a general analysis regarding the overall value of the estate or the property awarded to each party. As mentioned above, to prevail on a complaint about the division of property, an appellant has the burden of demonstrating, based on evidence in the record, that the division was so unjust and unfair as to constitute an abuse of discretion. See *O'Brien*, 436 S.W.3d at 82 (citing cases). Here, the trial court received valuation testimony by both parties as well as asset value spreadsheets from both parties, but Dale does not discuss the overall valuation evidence.

Dale instead focuses on the value of the ranch and his testimony that ten acres of the 50-acre ranch had richer soil than the remaining 40 acres. Dale suggests that awarding Araceli 27 acres, which included the "richest 10 acres," and him only 23 acres of the remaining property resulted in an unjust and unfair division of the marital estate. Contrary to Dale's assertion in his brief that the "richest 10 acres" were worth more than the other 40 acres combined, the testimony he cites only indicates that the ten acres had the richest soil, was the most beautiful, and would make the best homestead. He did not testify as to any comparative value between the ten acres and the rest of the property. Indeed, the portion of the property Dale received included the mobile home, the barn, the pond, and other improvements that would seem to add to its value. Additionally, it is clear that Dale received considerably more of the couple's personal property than did Araceli, including numerous vehicles, shop equipment, and a timeshare he valued at $30,000. Although photographs show that many of the vehicles and boats Dale was awarded were in a state of disrepair, both sides ascribed value to them.

Ultimately, having not provided an overall analysis of the value of the property awarded to each party, Dale has not met his burden of demonstrating the trial court abused its discretion in the division of property in this case. *See id.*

5

There was certainly sufficient evidence in the record for the trial court to make its determination.

**Araceli's evidence.** In his second argument, Dale asserts that the trial court erred in permitting Araceli to present valuation evidence in light of earlier discovery sanctions the trial court imposed on her restricting such evidence. We begin our analysis of this argument by noting that Dale does not cite any authority in this section of his brief, either directly supporting the contention he makes or setting forth any relevant law. This argument is therefore inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring that appellate briefs "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also Nguyen v. Pham*, 640 S.W.3d 266, 271 (Tex. App.— Houston [14th Dist.] 2021, pet. denied).

A trial court has the inherent authority to change, modify, or set aside an interlocutory order at any time before the expiration of its plenary power. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993); *see also In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005); *Nguyen v. Aventus Ins. Co.*, No. 14-19-00607-CV, 2021 WL 4472479, at *2 (Tex. App.—Houston [14th Dist.] Sept. 30, 2021, no pet.) (mem. op.). We further note that Dale did not request a continuance when the trial court stated Araceli would be allowed to testify as to value.

In his brief, Dale generally asserts that allowing Areceli to put on valuation evidence, when he prepared for trial under the impression she would not be permitted to do so, caused him harm. He offers no explanation, however, for how the trial court's action was error or, if it was, how it caused actual rather than theoretical harm to his case. Dale certainly presented his own evidence of valuation, and as discussed above, he has offered no analysis regarding how the

overall division of property was unjust or unfair. Accordingly, we find no merit in this second argument.

Having found no merit in either of appellant's arguments, we overrule his sole issue. We affirm the trial court's judgment.

/s/    Frances Bourliot
Justice

Panel consists of Justices Bourliot, Hassan, and Wilson.